IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN WAYNE ROGERS,<br><br>Defendant. | Cause No. CR 16-26-M-DLC<br><br><br>ORDER |

Defendant Rogers moves the Court to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A).  He is currently serving a 108-month sentence for a federal drug offense.  *See* Judgment (Doc. 94).  His projected release date is January 21, 2024.  *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Mar. 18, 2022).  Taking into account credits under the First Step Act, it appears that date has been or will soon be moved up to January 21, 2023.  *See* Reply Ex. (Doc. 126-1) at 1.

On November 17, 2021, the Court appointed counsel to represent Rogers.  *See* Order (Doc. 114).  The motion is now fully briefed.

**I.  Legal Framework**

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a

1

reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  Generally, courts first consider whether the prisoner has shown an extraordinary and compelling reason that could warrant a reduction, then consider the factors in § 3553(a), to the extent they apply, to determine whether to make a reduction.  *See, e.g.*, *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (per curiam); *United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021) (per curiam).

The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines.  *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).  The guideline, however, has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions.  The Ninth Circuit, along with several others, holds that district courts may take U.S.S.G. § 1B1.13 into account, but it is binding only when the Director has filed the motion.  *See Aruda*, 993 F.3d at 802; *but see Bryant v. United States*, 996 F.3d 1243, 1248 (11th Cir.), *cert. denied*, No. 20-1732 (U.S. Dec. 6, 2021).

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and

protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. See 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. See id. § 3553(a)(4), (6)–(7).

## II. Discussion

Rogers, now 44 years old, seeks a reduction based on his medical conditions and his extraordinary rehabilitation.

Rogers reports he has a history of asthma and hepatitis C. As of December 2, 2020, however, he had undergone treatment "for about 1 year" with Mavyret and had no detectable viral load related to hepatitis C. See Br. Ex. (Doc. 123-4) at 2. He does not substantiate his history or any current effects of asthma. He has received at least two doses of the Moderna vaccine. See U.S. Resp. Ex. (Doc. 124-1) at 1.

Rogers asserts that he "successfully dissociated himself from the Aryan Brotherhood" in 2017, when he participated in a gang dropout program sponsored by the Bureau of Prisons. See Mot. (Doc. 113) at 4; Br. in Supp. (Doc. 123) at 2–3, 7.[1] He submits a letter from a unit counselor describing the program and verifying

---

[1] The Court notes that Rogers also "reported defecting in 2012 or 2013 while

his participation. *See* Mot. Ex. (Doc. 113-1) at 4. He also submits an impressive array of letters from people vouching for his character and pledging to help him transition successfully to life after prison. *See, e.g.*, Mot. Ex.. (Doc. 113-1) at 5 (Eshaiker); Br. in Supp. (Doc. 123-6 at 1–2) (Tag)), (Doc. 123-8 at 1–2 (Rodriguez)), (Doc. 123-10 at 1 (Cruz/Gibbs)); *see also* Citation (Doc. 123-9) at 1. Rogers' aunt states that she has never before "witnessed the positive change that I currently see in him." Letter (Doc. 123-7 at 1–2 (Rambo)).

Rogers' efforts are encouraging and will stand him in good stead when he is released. He is doing difficult and creditable work in dissociating himself from gang life. But he does not explain why these efforts should result in a reduced sentence. Dedicated rehabilitation effort by a person who has never associated with a gang does not generally result in a reduced sentence.

Rogers does not persuade the Court that his medical conditions and rehabilitation constitute an extraordinary and compelling reason warranting a reduced sentence. There is no need to rebalance or reconsider the sentencing factors under 18 U.S.C. § 3553(a).

Finally, the Court acknowledges that Rogers has moved from Danbury,

---

incarcerated at Beaumont Federal Correctional Institute in Beaumont, Texas." Presentence Report ¶ 91; *see also id*. ¶¶ 33, 92, 94, 96, Addendum at 31.

Connecticut, to the penitentiary at Lewisburg, Pennsylvania. He does not have the same level of freedom of movement at Lewisburg, because it is "not a gang drop-out prison." Reply (Doc. 126) at 2. Therefore, it is appropriate to consider whether to make a non-binding recommendation, *see* 18 U.S.C. § 3621(b), for Rogers' transfer to home confinement when he is eligible, *see* Reply at 2. But the Bureau of Prisons will have the most complete and current information about Rogers and the resources available for him. It will be in the best position to make that decision.

Accordingly, IT IS ORDERED:

1. Rogers' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 113, 122) is DENIED.

2. Construing the reply brief as a request for a recommendation for transfer to home confinement, the Court DENIES the request and makes no recommendation for or against such transfer.

DATED this 21st day of March, 2022.

Dana L. Christensen, District Judge
United States District Court